UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUSTABO ALFONSO RAMOS,<br>Defendant. | Case No. 3:20-mj-71799-MAG-1   (EJD)<br>**ORDER GRANTING MOTION TO REVOKE RELEASE ORDER**<br>Re: Dkt. No. 15 |

Defendant Gustabo Alfonso Ramos is charged by complaint with one count of distribution of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). On December 11, 2020, Defendant made his initial appearance and the Government moved for detention. On December 16, 2020, defense counsel was appointed to represent Defendant and he was arraigned on the complaint. On December 21, 2020, Pretrial Services produced a pre-trial bail report recommending that Defendant be detained based on its assessment that Defendant posed a significant risk of non-appearance that cannot be reasonably mitigated by a combination of release conditions.

On December 22, 2020, Magistrate Judge Beeler held a detention hearing and ordered Defendant released on an unsecured bond, signed by his girlfriend, Ms. Gomez, as a surety, and requiring her to act as his custodian ("Release Order"). The same day, the Government filed a motion to revoke the Release Order, asserting that Defendant's prolific drug trafficking activities, his illegal possession of a semi-automatic firearm, and his record of disobeying court orders and obstructing/resisting law enforcement officers demonstrate that no condition or combination of conditions can reasonably assure the safety of the community or Defendant's future appearance in

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER
1

court. Dkt. No. 12. Upon the motion being filed, the Court issued an order staying the release order pending further order of the Court. Dkt. No. 13.[1] On December 23, 2020, the Government filed an amended motion. Dkt. No. 15. On December 28, 2020, Defendant filed an opposition to the Government's motion. Dkt. No. 18.

The Government's motion was heard on December 29, 2020. For the reasons stated below and on the record at the hearing, the Court will grant the Government's motion.

## I. BACKGROUND

Defendant was born in Honduras. In the spring of 2018, Defendant came to the United States and was apprehended at the border. According to Border Patrol documents, Defendant's name was Carlos Cuevas Ramos (aka Gustabo Ramos) and his date of birth is listed as both 11/xx/98 and 9/xx/2001.

Defendant has been residing in the San Francisco Bay Area. He does not possess a passport. Prior to the pandemic, Defendant worked as a dish washer and janitor. He was unemployed at the time of his arrest.

On December 9, 2020, Judge Corley issued an arrest warrant for Defendant and a warrant to search his residence, person, and vehicle for drugs and other evidence, fruits, and/or instrumentalities of violation of 21 U.S.C. § 841(a)(1). The next day, FBI agents executed the warrants at Defendant's residence in Oakland, California and arrested Defendant. Agents recovered, among other things, an AR-15 style ghost rifle and ammunition from Defendant's home.

Defendant made his initial appearance on December 11, 2020, at which time the case was unsealed and the Government moved for detention. Pretrial Services prepared a full bail study and submitted a report. Dkt. No. 9. Pretrial Services determined that Defendant poses a significant risk of flight that cannot be reasonably mitigated by release conditions based on the following aggravating factors: substance abuse history; lack of verifiable, legitimate employment; nature of

---

[1] The Order Setting Conditions of Release indicates that Judge Beeler stayed the Release Order through the Government's appeal. Dkt. No. 17.

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER
2

1  offense charged; active warrants out of San Francisco County; family ties to a foreign country; and
2  criminal activity while under supervision. It also determined that Ms. Gomez is not a viable
3  surety because of her unverified immigration status. The Pretrial Services report indicates that
4  Ms. Gomez is 19 years old.[2] Therefore, Pretrial Services recommended that Defendant be
5  detained as a flight risk.

6  The magistrate judge issued a Release Order, under which Defendant is to remain under
7  24-hour lockdown while residing at the Daly City home of Ms. Gomez, and to be electronically
8  monitored by Pretrial Services. Ms. Gomez is employed as a server at Pollo Campero. She has
9  committed to serving as the custodian and to signing a $15,000 unsecured appearance bond. Ms.
10 Gomez lives with her aunt, uncle, and two adult cousins. The release order also requires
11 Defendant to, among other things, subject to drug treatment and testing at the discretion of Pretrial
12 Services.

13 **II.   LEGAL STANDARDS**

14 This Court reviews *de novo* a magistrate judge's order regarding pretrial detention. *United*
15 *States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for
16 concluding that the district court's review of a magistrate's detention order is to be conducted
17 without deference to the magistrate's factual findings.").

18 Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., persons facing trial
19 are to be released under the least restrictive condition or combination of conditions that will
20 "reasonably assure" the appearance of the person as required and the safety of the community.
21 *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United*
22 *States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should
23 release pending trial be denied, and doubts regarding the propriety of release should be resolved in
24 the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405). On a
25 motion for pretrial detention, the Government bears the burden of showing by clear and

---

[2] The Government's brief states that Ms. Gomez is 22 years old. Dkt. No. 15 at 5.

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER
3

convincing evidence that the defendant poses a danger to the community, and by a preponderance of the evidence that the defendant poses a flight risk. *Motamedi*, 767 F.2d at 1406–07.

Section 3142(g) of the Bail Reform Act contains several factors to evaluate whether there are any conditions of release that will "reasonably assure" a defendant's future appearances and the safety of the community. 18 U.S.C. § 3142(g).  These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person including: (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121 (citing *Winsor*, 785 F.2d at 757); *see also Motamedi*, 767 F.2d at 1408.  Evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger to the community. *Winsor*, 785 F.2d at 757. After a court determines whether a defendant should be detained or released pretrial, the decision may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In a controlled substance case, such as here, in which the maximum sentence is ten years or more, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the Defendant's appearance as required and the safety of the community.  18 U.S.C.

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER
4

3142(e)(3)(A).

## III. DISCUSSION

Having conducted a *de novo* review of the record, the Court makes the following findings.

### A. Danger to Community

The Court finds by clear and convincing evidence that Defendant is a danger to the community for several reasons. First, the Government has presented evidence that between October and December of 2020, Defendant sold eight ounces of fentanyl to a confidential informant. The first controlled purchase on or about October 8, 2020 forms the basis of the complaint. Fentanyl is among the most dangerous and deadly illegal drugs. Dkt. No. 15 at 13-15. It is fifty times stronger than heroin and about 100 times stronger than morphine. *Id*. at 113. The nature and circumstances of the charged offense reflect the danger that Defendant poses to the community.

Second, the weight of the evidence favors detention. The evidence against Defendant includes the narcotics he sold to the confidential informant. Law enforcement also seized multiple plastic baggies and bottles containing narcotics, scales, and other drug paraphernalia from Defendant's home.

Third, the history and characteristics of Defendant also favor detention. The confidential informant told the FBI that Defendant could be found dealing drugs nearly every night in the Tenderloin and sold fentanyl, cocaine, and methamphetamine. This narcotics trafficking and the fact that Defendant has been arrested thirteen times suggest Defendant is not invested in obtaining legitimate employment, will continue to rely on narcotics sales to support himself, and will continue to endanger the community. The Court recognizes that the arrests led to only one felony conviction; however, the seriousness and repetitive nature of Defendant's law enforcement contacts show that Defendant was not deterred from further drug dealing and that Defendant's transactions with the confidential informant was not some one-off youthful indiscretion.

Fourth, among the items seized at the time of Defendant's arrest was an AR-15-style ghost rifle with a barrel that had been modified to shoot 7.62x39 rounds and three high-capacity

1  magazines, two of which contained 16 rounds and 17 rounds, respectively. The 7.6x39 round,
2  which is an AK-47 variant, is a military-grade round and the most powerful ammunition in the
3  world. Dkt. No. 15 at 15. The firearm did not have a serial number; instead "AR001" had been
4  etched by hand on the gun. Defendant's possession of this weapon suggests he has access to
5  illegal firearms in addition to large quantities of some of the most dangerous illegal drugs now
6  circulating in the community. Defendant has not been charged in connection with a firearm.
7  Nevertheless, possession of an extremely deadly firearm that lacks authentication and ammunition
8  suggests additional danger and premeditation as to the weapon's potential use.

Fifth, although Defendant's youth might be considered a mitigating factor, his youth and immaturity has led to poor decision-making that has endangered the community. The thirteen arrests include charges for contempt/disobeying a court order (CPC § 166(a)(4)) and obstructing a public officer (CPC § 148(a)(1)). Defendant has three outstanding bench warrants. Defendant was on probation when the charged offense occurred. Defendant was also involved in a hit-and-run on the Richmond-San Rafael Bridge.

### B.     Flight Risk

The Court finds by a preponderance of evidence that Defendant is a flight risk for the following reasons. First, Defendant's pending charges in state court suggest a pattern of illegal activity conducted while he was under state supervision, which indicates that Defendant is unlikely to follow court orders or probation orders. Defendant has been arrested no fewer than ten times for contempt/disobeying a court order in violation of CPC § 166(a)(4); at least three times for resisting or obstructing a police officer in violation of CPC § 148(a)(1); and at least once for resisting a police officer by use of force or violence in violation of CPC § 69(a). Dkt. No. 15 at 18.

Second, Defendant has no known employment, assets, or significant ties to the community other than his one-year long relationship with Ms. Gomez. His mother, father and two siblings live in Honduras. Defendant has lived in the United States for only two and half years.

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER

Finally, Ms. Gomez is not a viable surety because of her uncertain immigration status. The Court is also concerned about whether Ms. Gomez has the ability to supervise Defendant effectively because she has other significant and important time commitments, including pursuing her education, her employment, and application for residency. Further, Ms. Gomez stated during the hearing that she has not be able to take Defendant "away from the things he was doing." Given her own youth and her relatively short relationship with Defendant, it is not reasonable for her to act as Defendant's custodian on pretrial release.

## IV. CONCLUSION

For the reasons stated above and on the record during the December 29, 2020 hearing, the Court finds that there are no conditions of supervised release that can reasonably assure the safety of the community or adequately mitigate the high flight risk in this case. The Government's motion is GRANTED. Defendant is ordered detained.

**IT IS SO ORDERED.**

Dated: December 29, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 3:20-mj-71799-MAG-1
ORDER GRANTING MOTION TO REVOKE RELEASE ORDER
7